UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | NUMBER |
| **SHANNON DONNELLY SCHWEITZER** | **05-14143** |
| | **SECTION A** |
| DEBTOR | |
| | CHAPTER 11 |

### REASONS FOR DECISION

This matter came before the Court on the Motion for New Trial or Other Relief from Order filed by Robert G. Harvey, Sr. ("Motion") (pl. 298).

**I. Motion for New Trial**

New trials may be granted "for any of the reasons for which rehearing have heretofore been granted in suits in equity in the courts of the United States."[1]

> Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial.[2]

Harvey contends that the Court's Order dated March 9, 2007 granting the debtor's Motion for Imposition of Statutory Sanctions for Violation of 11 U.S.C. §362(a) by Robert G. Harvey, Sr. is based on mistakes of fact and law.

The Court finds that Harvey has not met his burden of proving prejudicial error or that substantial justice was not done. In his Motion, Harvey fails to identify any new facts, arguments or law not previously considered by the Court.

---

[1] FRCP 59(a), made applicable to this proceeding by FRBP 9023.

[2] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Fed. Prac. & Proc. Civ.2d § 2803 (footnotes omitted).

Harvey misstates the premise of the Court's ruling, basing his request on the necessity or existence of privileged or confidential documents. As stated in its reasons for decision orally entered, the Court found a violation of the stay based on Harvey's pursuit of discovery against property of the estate, motions to compel and for sanctions against special counsel for Debtor. These actions were in violation of the stay, resulted in the expenditure of substantial time and effort, including court appearances by both bankruptcy counsel and special counsel in state court. Harvey fails to acknowledge that the procedures he employed were in violation of the stay and that alternative avenues for discovery were readily available through the bankruptcy court.[3]

The outcome of Harvey's motions is not important to this request for sanctions,[4] although the Court notes that upon Harvey's request to compel discovery, the state court issued a bench warrant for counsel's arrest. What is critical is the existence of vexatious litigation which caused the estate unnecessary expense.

The Court finds that it committed no errors in fact or law. Therefore, no new trial is warranted.

**II. Alternative Motion**

In the alternative to the Court granting a new trial, Harvey moves for relief from the March 9, 2007 Order pursuant to Rule 9024. The Memorandum in Support of the Motion makes it clear

---

[3] FRBP 2004.

[4] *See Brown, et al v. Chestnut (In re Chestnut)*, 422 F.3d 298 (5th Cir. 2005) (Seizure of property arguably constituting property of debtor's estate without prior relief from the bankruptcy court constitutes a violation of 11 U.S.C. §362 even if the property is later determined to not be property of the estate.)

that Harvey is seeking, in the alternative, relief from judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60,[5] rather than alteration or amendment of judgment pursuant to Rule 59(e).[6]

Rule 60(a) provides for relief from judgment or order in the case of clerical mistakes. There are no clerical mistakes in the March 9, 2007 Order.

Rule 60(b) provides for relief from judgment or order in the following cases:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Fifth Circuit has found:

"[R]elief under Rule 60(b) is considered an extraordinary remedy ⋯ [and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir.1998) (quoting *Bailey v. Ryan Stevedoring Co., Inc.,* 894 F.2d 157, 160 (5th Cir.1990)).[7]

The Court finds that relief from judgment is not warranted under any grounds set forth in Rule 60.

---

[5] FRCP 60 is made applicable to this proceeding by FRBP 9024.

[6] Pleading 299, p. 3, fn. 8.

[7] *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005).

### III. Denial without hearing

Motions for new trial pursuant to Rule 59 may be denied without hearing.[8] Motions for relief from judgment pursuant to Rule 60 may also be denied without hearing.[9]

### III. Conclusion

Harvey fails to identify any new facts, arguments or law not previously considered by the Court. The Court finds that it committed no errors in fact or law. Therefore, the Court denies the motion for new trial pursuant to Rule 59. The Court also finds that relief from judgment is not warranted under any grounds set forth in Rule 60. Therefore, the Court denies relief from the Order pursuant to Rule 60. An Order in accordance with this Reasons for Order will be entered by the Court.

New Orleans, Louisiana, March 29, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[8] *U. S. v. Metz*, 652 F.2d 478 (5th Cir. 1981).

[9] *In re Range*, 48 Fed.Appx. 103 (5th Cir. 2002).