UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

In re:

SHANNON DONNELLY SCHWEITZER            CASE NO. 05-14143

         DEBTOR                                          SECTION "A"

                                                                               CHAPTER 11

REASONS FOR ORDER CONFIRMING SECOND AMENDED
PLAN OF REORGANIZATION (MODIFIED II)

Confirmation of the Second Amended Plan of Reorganization (Modified II) [Docket No. 516] ("Plan") of Shannon Donnelly Schweitzer, debtor, came on for hearing at 9:00 a.m. upon December 18, 2007 ("Confirmation Hearing"). Present in court were:

Gary K. McKenzie, counsel to the debtor;

Claude C. Lightfoot, Jr., counsel to Robert G. Harvey, Sr. and W. Patrick Klotz, creditors; and

Colin D. Sherman, counsel to Philadelphia American Life Insurance Company.

THE COURT, having considered the Plan, the objections thereto of Robert G. Harvey, Sr. and W. Patrick Klotz, and the record makes the following findings of fact and conclusions of law:

1.    In accordance with Federal Rule of Bankruptcy Procedure 9014, the Court makes the following findings of fact and conclusions of law, which support confirmation of the Plan. To the extent that any finding of fact is later determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law contained herein is later determined to be a finding of fact, it shall be so deemed:

2. Capitalized terms used herein and not otherwise defined shall have the meanings ascribed them in the Plan.

3. A copy of the Plan, as confirmed hereby, is attached hereto as Exhibit "A" and, together with any and all exhibits and other documents related to the Plan, is hereby incorporated in its entirety by reference and confirmed and approved in its entirety as immaterially modified and/or announced at the Confirmation Hearing.

4. Each of the objections to confirmation of the Plan which have not been withdrawn, waived or settled and all reservations of rights included therein are overruled and denied with prejudice.

5. The modifications to the Plan announced at the Confirmation Hearing and incorporated into the Plan do not adversely change the treatment of the Claim of any creditor. Accordingly, the modifications are immaterial and no re-solicitation is required.

6. The Court has jurisdiction over the Debtor in the Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2)(L) over which the Court has exclusive jurisdiction.

7. Pursuant to Order of this Court, certain procedures for the solicitation of acceptances and rejections of the Plan were established, and the Confirmation Hearing was scheduled for December 18, 2007, at 9:00 a.m., Central Standard Time.

8. The Notice of Confirmation Hearing provided in connection with the Order Approving Debtor's Second Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejections to the Plan of Reorganization (the 'Disclosure Statement Approval Order') (a) was adequately and appropriately described and gave notice of the relief requested by the Debtor,

including, but not limited to the filing of the Plan with the Court and the ability to review the contents of the Plan; (b) was served on all parties required by the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Approval Order; (c) was reasonably calculated, under the circumstances, to provide adequate notice to all creditors and other parties in interest of the Confirmation Hearing, the last date for filing objections to the confirmation of the Plan, and all other material information; and (d) fully complied with all the requirements or due process under the United States Constitution, the Constitution of the State of Louisiana, and all other applicable law.

9. The Plan has been accepted by all Classes under the Plan.

10. All prerequisites for confirmation under the Bankruptcy Code, including without limitation all applicable prerequisites embodied in 11 U.S.C. § 1129(a)(1)-(16), have been satisfied.

New Orleans, Louisiana, December 27, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge